UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SALLY BASTAWROS,

        Plaintiff,

        v.

R1 RCM, INC.,

        Defendant.

Case No.   20-cv-1711

**COMPLAINT FOR DISCRIMINATION AND RETALIATION
IN VIOLATION OF 42 U.S.C. §2000e _et seq._ (TITLE VII) and
FOR BREACHOF CONTRACT**

Plaintiff, Sally Bastawros, by and through her attorney, Aaron B. Maduff of Maduff &

Maduff LLC, complains of Defendant, R1 RCM, Inc. as follows:

**Introduction**

1.      Defendant, R1 RCM, Inc. is a revenue cycle management firm whose clients

include hospital systems, physician groups, and other medical practices.

2.      At the time of Plaintiff's termination, Defendant had seven "Directors+" her team.

She was the only female.  Her male peers were given much more latitude in presenting their views

at meetings, were given credit for their work, and in many cases for hers.

3.      Plaintiff made several complaints of sex discrimination including a complaint that

sexism caused a lack of female leadership.  Her supervisor agreed. Defendant terminated Plaintiff

calling it a position elimination.  Plaintiff, the only female, was the only position eliminated.  As

a result of the discrimination and termination, in addition to financial losses, Plaintiff suffered

significant emotional distress causing physiological responses for which she sought and received treatment.

## Parties

4.      Plaintiff, Sally Bastawros (hereinafter "Plaintiff" or "Bastawros"), is a female, citizen of the United States who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois.  At all relevant times, Bastawros was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*

5.      On information and belief, Defendant, R1 RCM, Inc., (hereinafter "Defendant" or "R1") is a Delaware corporation doing business within the territorial jurisdiction of the United States District Court for the Northern District of Illinois.  At all relevant times, Defendant R1 was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*

## Procedural Prerequisites

6.      Plaintiff, Sally Bastawros, filed a charge of discrimination at the Equal Employment Opportunity Commission ("EEOC") on or about July 23, 2019 (Charge number 440-2019-06360) alleging discrimination on the basis of sex, female, and for retaliation.

7.      The EEOC issued a notice of Right to Sue on Charge number 440-2019-06360 on January 31, 2020, which Plaintiff received thereafter.  This Complaint was timely filed within 90 days of receipt of the Notice of Right to Sue.

## Jurisdiction

8.      This Court has subject matter jurisdiction over Plaintiffs' discrimination claims under 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964) pursuant to 28 U.S.C. § 1331, as this claim involves a federal question.

## Venue

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant is actively doing business in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Events

Background

10.      Plaintiff came to R1 with a B.A. in management and psychology, and an M.S. in Finance.

11.      Prior to joining R1 Plaintiff was a Senior Finance Manager at another firm with a greater annual income.

12.      Plaintiff left her prior position to take the position with R1 because she was offered a stock offer which had a four-year vesting schedule at 25% per year.

13.      Because of that vesting schedule, it was important for Plaintiff to leave her prior employ and come to work for R1 at the earliest possible moment.

14.      As a result, her former employer demanded repayment of a student loan on the basis that she had not been there long enough to obtain forgiveness.

15.     Plaintiff joined R1 on or about July 30, 2018, as a Senior Director of Financial Planning and Analysis, classified as a "Director +".

16.     In May of 2019, Plaintiff was informed that she her vesting date would not be on her anniversary date, but rather several months later.

17.     The stock nearly doubled by the time Plaintiff was terminated from R1.

Plaintiff's Job at R1

18.     At any given time Plaintiff had approximately 4-5 direct reports in the United States and approximately another 10 in India.

19.     Plaintiff reported to the Senior Vice President of Financial Planning and Analysis.

20.     Plaintiff was responsible supporting the operations of several client -- hospital systems.

21.     There were approximately seven other Directors+ of Financial Planning and Analysis who had were also responsible for supporting hospital system clients and who reported to the same Senior Vice President of Planning and Analysis at the time of Plaintiff's termination.

22.     At the time of Plaintiff's termination, all other Directors+ of Financial Planning and Analysis were male.

Plaintiff's Complaints of Sex Discrimination

23.     During the course of Plaintiff's employ she was consistently treated differently than her male counterparts.  For example:

        a.      When Plaintiff developed a financial reporting template that was needed, credit was given to a male Director+ for having created it.

b.      Plaintiff and another Director+ had open roles on their teams that needed filling. The male Director+ was permitted to hire someone to take pressure off his team, but when Plaintiff tried to do so, she was told that there was a hiring freeze.

c.      In preparation for a presentation to the senior leadership, where Plaintiff had prepared the presentation, she was told to let a male individual make the presentation, and he was given the credit for it.

      i.    Plaintiff was blamed for other presentations that did not go well in spite of the fact that she was not responsible for them.

d.      Plaintiff was told that this was for her protection because the male would be better able to handle the CEO.

e.      The Executive Vice President of Operations consistently blamed Plaintiff for budget issues that took place before she started.

      i.    In one case, Plaintiff was ordered to send an email apologizing for an error that took place before her tenure.

f.      There were numerous instances where Plaintiff made suggestions or brought forth ideas which were not credited until brought forth by males.

24.     The workload was disproportionately placed on Plaintiff as opposed to her male colleagues.

25.     As a result of the discrimination, Plaintiff sought transfers to other positions but her requests were ignored.

26.     Males were permitted to transfer and did.

27.     Plaintiff made several complaints of sex discrimination to her supervisor.

28. In one meeting, Plaintiff noted that there is a lack of representation of women in leadership at R1 because of sex discrimination.

29. Plaintiff's supervisor agreed with her.

30. Plaintiff also noted that she did not feel comfortable contributing to meetings because of the sex discrimination.

31. Plaintiff's supervisor raised Plaintiff's complaints of sex discrimination with Human Resources.

32. Plaintiff's supervisor reported back to Plaintiff that Human Resources sees the same sex discrimination.

Plaintiff's Termination

33. Plaintiff was terminated ending her employ on or about August 4, 2019.

34. The reason given for Plaintiff's termination was that her role was being eliminated.

35. No other Director+ had his role eliminated.

36. Plaintiff was not the most junior in terms of either seniority or responsibility.

Plaintiff's Damages

37. Plaintiff suffered significant pressure and emotional distress as a result of having a significantly higher workload than her male peers.

38. Plaintiff suffered significant emotional distress as a result demonstrated by, among other things:

   a. Severe mood swings;

   b. Physiological responses;

   c. Migraine headaches;

   d. Feelings of Isolation;

        e.       Restlessness;

        f.       Crying spells; and

        g.       Anxiety.

39.     Plaintiff sought and received treatment for that emotional distress.

40.     Plaintiff's doctor recommended a leave of absence.

41.     Plaintiff suffered significant additional emotional distress as a result of her termination.

42.     Plaintiff was given new medications to deal with her new symptoms.

## Count I

### Demand for Relief for Discrimination and Retaliation in Violation of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended) For Harassment and Demotion

43.     Plaintiff restates and re-alleges paragraphs 1 through42 as paragraph 43 of this Count I.

44.     By virtue of the foregoing, Defendant violated Title VII by discriminating and retaliating against Plaintiff on the basis of her gender for her complaint of discrimination.

45.     As a result of Defendants' unlawful acts, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature.

46.     Defendant's violations were wanton and willful, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Sally Bastawros, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant R1 RCM, Inc., for back pay, lost benefits, front

pay, compensatory damages, punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

## Count II

## Demand for Relief for Breach of Contract

47.     Plaintiff restates and re-alleges paragraphs 1 through 46 as paragraph 42 of this Count II.

48.     By virtue of the foregoing, Plaintiff had a contract for a position that would provide her stock that would begin vesting within a year of her employ.

49.     By virtue of the foregoing Defendant breached that contract by failing to issue the stock or adjust the vesting period when it failed to issue it properly.

50.     As a result of that breach, Plaintiff did not receive the first 25% vesting of her stock when she was terminated shortly after a year of her hire.

WHEREFORE, Plaintiff, Sally Bastawros, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant R1 RCM, Inc., losses resulting from that breach, for such other and further relief this Court deems just and equitable.

## PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,
Sally Bastawros

By:  /S/ AARON B. MADUFF

Aaron B. Maduff
Atty. No. 06226932
Maduff & Maduff LLC
205 N. Michigan Ave., Suite 2050
Chicago, IL 60601
Phone: 312-276-9000

8